**UNITED STATES of America, Plaintiff-Appellant,**

v.

**Heather McFADYEN–SNIDER, Defendant-Appellee.**

No. 78–5279.

United States Court of Appeals, Sixth Circuit.

Argued Dec. 8, 1978.

Decided Jan. 17, 1979.

Hal D. Hardin, U. S. Atty., Nashville, Tenn., Elliott Schulder, T. George Gilinsky, Washington, D. C., for plaintiff-appellant.

Hal Gerber, Memphis, Tenn., Martin S. Gerber, Chicago, Ill., for defendant-appellee.

Before EDWARDS, Chief Judge, WEICK, Circuit Judge, and CECIL, Senior Circuit Judge.

PER CURIAM.

The United States appeals from the District Court's granting of appellee's motion to dismiss an indictment for perjury.

This case has been here before. McFadyen-Snider's previous conviction of a charge of fraud was reversed by this court in *United States v. McFadyen-Snider*, 552 F.2d 1178 (6th Cir. 1977), because of prosecutorial introduction of irrelevant and prejudicial evidence. Thereupon the United States Attorney initiated an indictment of defendant for perjury which was alleged to have occurred during the jury trial referred to above. The District Court denied the motion to dismiss filed on her behalf concerning the perjury indictment, which motion had been based upon the allegation that the perjury indictment had been vindictively obtained for the purpose of punishing her because she appealed and obtained reversal of the fraud conviction.

She appealed to this court, which vacated and remanded the case for a hearing to determine whether a perjury indictment would have been obtained had not defendant appealed her conviction and obtained a reversal thereof. *See United States v. McFadyen-Snider*, 573 F.2d 1311 (6th Cir. 1977).

On remand, and after hearing, the District Court found:

> Thus, although the reasons for bringing the instant prosecution were valid, when considered with the timing of the instant indictment and the likelihood that no perjury indictment would have been brought if there had been no appeal or reversal of defendant's conviction, the indictment and the reasons for bringing it have the effect of punishing the defendant for pursuing an appeal of her conviction, a right she clearly has.

The District Judge thereupon, pursuant to the prior order of this court, dismissed the perjury indictment.

It should be noted that meantime, appellee McFadyen-Snider had been again tried on the original fraud charge, but without the introduction of improper and prejudicial evidence. The trial resulted in a hung jury.

On consideration of the entire record, and after hearing full oral argument, the judgment of the District Court is affirmed.